# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**RUFUS DARWIN MCFADDEN**                                **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:15-cv-125-JCG**

**HUBERT DAVIS,** *Warden*                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND RESOLVING VARIOUS OTHER MOTIONS

BEFORE THE COURT is the Complaint filed by Plaintiff Rufus Darwin McFadden, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC). Plaintiff is incarcerated at the South Mississippi Correctional Institute in Leakesville, Mississippi (SMCI) and is proceeding *pro se* and *in forma pauperis*. Plaintiff seeks a "supplemental consent decree" requiring a full-time Islamic chaplain and establishment of a Halal Islamic diet at SMCI.

Defendant Hubert Davis, Warden at SMCI, has filed a Motion for Summary Judgment, alleging that Plaintiff failed to exhaust available administrative remedies before filing suit in federal court. (ECF No. 20). Defendant's Motion for Summary Judgment has been fully briefed, and an omnibus hearing, which also operated as a *Spears* hearing,[1] was held on November 10, 2015. Because Plaintiff did not fully exhaust MDOC's Administrative Remedy Program (ARP) with respect to his claims before seeking relief in federal court, his claims must be dismissed.

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

Plaintiff has filed a motion to add additional defendants (ECF No. 13), a motion offering an additional exhibit for consideration (ECF No. 14), a motion alleging that Defendant's Motion for Summary Judgment was improperly filed (ECF No. 27), and his own Motion for Summary Judgment (ECF No. 28). Nothing contained within or attached to these motions changes the principal fact that Plaintiff did not exhaust available administrative remedies before filing suit in federal court. Plaintiff's motions will be denied. Defendant's motion to suspend briefing on Plaintiff's motion for summary judgment (ECF No. 30) will be denied as moot.

## DISCUSSION

A.  <u>Summary Judgment Standard</u>

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

B.  <u>Plaintiff Failed to Exhaust Administrative Remedies</u>

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner

3

fails to properly exhaust the available prison grievance process before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

MDOC has implemented an ARP through which prisoners may seek formal review of a grievance relating to any aspect of incarceration. *See* Miss. Code Ann.§ 47-5-801 (granting MDOC authority to adopt an administrative review procedure). The ARP has been summarized by this Court as follows:

> The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. Once an inmate's request for remedy is accepted into the procedure, [he or she] must use the manila envelope that is furnished with his/her Step One response to continue the procedure. A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Stewart v. Woodall*, No. 2:11-cv-207-KS-MTP, 2012 WL 2088883, *2 (S.D. Miss. May 2, 2012)(internal citation omitted).

Defendant has provided two affidavits of Joseph Cooley, custodian of the ARP records at SMCI. Cooley avers that Plaintiff has not submitted any ARP grievances requesting that a full-time Islamic chaplain be hired at SMCI. (ECF No. 20-1). Plaintiff filed a grievance requesting a Halal diet, on July 22, 2014. (ECF No. 20-2).

Plaintiff did not receive a First Step Response with respect to the diet grievance until nearly a year later. Plaintiff refused to sign for the First Step Response for this reason. (ECF No. 20-2).

In response to Defendant's Motion for Summary Judgment, Plaintiff does not address and thus does not dispute that he failed to file an ARP grievance requesting a full-time Islamic chaplain. Plaintiff's claim seeking a full-time Islamic chaplain is therefore barred by 42 U.S.C. § 1997e(a) and will be dismissed.

Plaintiff urges that he was not required to exhaust the ARP process for his grievance regarding a Halal diet because SMCI did not respond to his grievance for nearly a year. Plaintiff's position is incorrect. Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  The Fifth Circuit recently explained that the prison's failure to timely respond to a grievance does not absolve the prisoner of completing the ARP process:

> This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance. This is true both under the terms of the [ARP] and as a matter of the law of this circuit.

*Wilson v. Epps*, 776 F.3d 296, 301 (2015) (citations omitted).

Plaintiff "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id.* Only if Plaintiff had pursued his grievance to step two and the prison did not timely respond at that point would the prison's failure to respond exhaust the ARP process. *Id.*

Because Plaintiff failed to exhaust his administrative remedies with respect to both of his claims, Plaintiff's suit is barred by 42 U.S.C. § 1997e(a) and must be dismissed.

CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Defendants (ECF No. 13) is **DENIED** as futile.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend a Supplementation of Evidence (ECF No. 14) is **DENIED**. The proffered evidence is irrelevant in light of Plaintiff's failure to exhaust administrative remedies.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 20) is **GRANTED**. All of Plaintiffs claims are dismissed without prejudice. A separate final judgment will be entered as instructed by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's motion entitled "Relief from a Judgment or Order" (ECF No. 27) is **DENIED**. Plaintiff was

given ample opportunity to respond to and offer evidence in response to Defendant's Motion for Summary Judgment.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment (ECF No. 28) is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion to Stay Briefing on Plaintiff's Motion for Summary Judgment (ECF No. 30) is **DENIED AS MOOT**.

**SO ORDERED**, this the 10th day of August, 2016.

s/ *John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE